UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUIS PALACIOS, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § § | No. _____ |
| CAGLE STUCCO & MASONRY OF TEXAS, LLC d/b/a CAGLE STUCCO & MASONRY; CAGLE STUCCO & MASONRY LLC; LOZANO CONSTRUCTION SERVICES, LLC; CHRISTOPHER N. CAGLE; and BENJAMIN LOZANO | § § § § § § § § § § | |
| *Defendants*. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Luis Enrique Palacios (referred to as "Palacios" or "Plaintiff") bringing this collective action and lawsuit on behalf of themselves and all other similarly situated employees to recover unpaid overtime wages from Defendants Cagle Stucco & Masonry of Texas, LLC d/b/a Cagle Stucco & Masonry (referred to as "CSMT"); Cagle Stucco & Masonry, LLC (referred to as "CSM"); Lozano Construction Services, LLC (referred to as "Lozano Construction"); Christopher N. Cagle (referred to as "Cagle") and Benjamin Lozano (referred to as "Lozano") (collectively referred to as "Defendants"). In support thereof, they would respectfully show the Court as follows:

## I.  Nature of Suit

1.      Plaintiff's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2.      The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a).  To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3.      Defendants violated the FLSA by employing Plaintiff and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed."  29 U.S.C. § 207(a)(1).

4.      Defendants violated the FLSA by failing to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5.      Plaintiff brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6.      The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7.      Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1), (2) because the Defendants reside in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Houston Division of the Southern District of Texas.

### III.  Parties

8.      Plaintiff Luis Palacios is an individual who resides in Channelview, Texas and who was employed by Defendants during the last three years.

9.      Defendant Cagle Stucco & Masonry of Texas, LLC d/b/a Cagle Stucco & Masonry is a Texas limited liability company that may be served with process by serving its registered agent:

> Denis G. Ducran
> c/o PECKER & ABRAMSON, PC
> 3050 Post Oak Blvd., Suite 500
> Houston, Texas 77056

Alternatively, if the registered agent of Cagle Stucco & Masonry of Texas, LLC d/b/a Cagle Stucco & Masonry cannot with reasonable diligence be found at the company's registered office, Cagle Stucco & Masonry of Texas, LLC d/b/a Cagle Stucco & Masonry may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10.     Defendant Cagle Stucco & Masonry, LLC is an Oklahoma limited liability company that may be served with process by serving its registered agent:

Rheba Henderson
100 E Street SW, Ste 200
Ardmore, Oklahoma 73401

Alternatively, if the registered agent of Cagle Stucco & Masonry, LLC cannot with reasonable diligence be found at the company's registered office, Cagle Stucco & Masonry of Texas, LLC may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

11.     Defendant Lozano Construction Services, LLC is a Texas limited liability company that may be served with process by serving its registered agent:

Benjamin Lozano
126 Deer Crossing Ct.
Conroe, Texas 77384

Alternatively, if the registered agent of Lozano Construction Services, LLC cannot with reasonable diligence be found at the company's registered office, Lozano Construction Services, LLC may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

12.     Defendant Christopher Cagle is an individual who may be served with process at:

Christopher N. Cagle
12384 Renick Rd.
Marietta, Oklahoma 73448

Defendant Christopher N. Cagle, individually, may also be served with process pursuant to TEX. CIV. PRAC. & REM. CODE § 17.021 by serving an agent or clerk employed at his office or place of business because this action grows out of or is connected with the business he transacts in this state.

13.     Defendant Benjamin Lozano is an individual who may be served with process at:

Benjamin Lozano
126 Deer Crossing Ct.
Conroe, Texas 77384

Defendant Benjamin Lozano, individually, may also be served with process pursuant to TEX. CIV. PRAC. & REM. CODE § 17.021 by serving an agent or clerk employed at his office or place of business because this action grows out of or is connected with the business he transacts in this state.

14.     Whenever it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

### IV.  Facts

15.     Defendants Cagle, CSMT, and CSM are residential and commercial construction companies in the Houston metropolitan area and is managed by Christopher N. Cagle; it does business in the territorial jurisdiction of this Court.

16.     Lozano Construction is a general construction company in Houston and is managed by Benjamin Lozano; it does business in the territorial jurisdiction of this Court.

17.     With the help of other companies (e.g., Lozano Construction), Cagle, CSMT, and CSM systematically deprive workers of their statutory right to overtime pay under the FLSA.

18.     The scheme works like this: Cagle, CSMT, and CSM use companies including Lozano Construction to place individuals like Plaintiff to work for Cagle, CSMT, and CSM.

19.     Cagle, CSMT, and CSM do not pay Plaintiff directly; rather they pay for Plaintiff's labor through Lozano Construction yet has sole responsibility for assigning Plaintiff work and supervising the execution of his work.

20.     The role of Lozano Construction and others was primarily administrative.

21.     For example, they maintained employment records for Plaintiff, decided how and when to pay Plaintiff (with a healthy dose input from Cagle, CSMT, and CSM) and reported income to the Internal Revenue Service, etc.

22.     Cagle, CSMT, and CSM, on the other hand, controlled his work, including his schedules and other conditions of employment.

23.     Cagle, CSMT, and CSM retained all rights to control the nature, extent, and location of Plaintiff's work.

24.     Defendants Cagle, CSMT, and CSM employed Palacios as a laborer from approximately July 2018 to December 2019. From approximately December 2019 to February 2020, Defendants jointly employed Palacios as a laborer. As a laborer, he was primarily responsible for preparing scaffolding for residential properties outside of their Channelview location.

25.     Plaintiff's primary duties were nonexempt.

26.     As a laborer, Plaintiff was primarily responsible for preparing construction sites by building scaffolding for residential properties for Defendants.

27.     Plaintiff's primary duties did not include office or nonmanual work.

28.     Plaintiff's primary duties were not directly related to the management or general business operations of Defendants.

29.     Plaintiff's duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

30.     Plaintiff did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties.

31.     Plaintiff did not have the discretion or authority to make any decisions with respect to matters of significance.

32.     Instead, Plaintiff was required to follow the policies, practices and procedures set by Defendants.

33.     Plaintiffs did not have any independent authority to deviate from these policies, practices and procedures.

34.     During Plaintiff's employment with Defendants, they were engaged in commerce or the production of goods for commerce.

35.     During Plaintiff's employment with Defendants, the company had employees engaged in commerce or in the production of goods for commerce or had employees handling,

selling or otherwise working on goods or materials that had been moved in or produced for

commerce by others.

36.     During Plaintiff's employment with Defendants, the company had an annual

gross volume of sales made or business done of at least $500,000.

37.     Defendants paid Plaintiff on an hourly basis.

38.     During Plaintiff's employment with Defendants, they regularly worked in

excess of forty hour per week.

39.     Defendants knew or reasonably should have known that Plaintiff worked in

excess of forty hours per week.

40.     Defendants did not pay Plaintiff overtime "at a rate not less than one and one-

half times the regular rate at which [they were] employed."  29 U.S.C. § 207(a)(1).

41.     Instead, Defendants paid Plaintiff at his straight time rate, without an overtime

premium, regardless of the number of hours he worked.

42.     In other words, Defendants paid Plaintiff for the overtime that he worked at a

rate less than one and one-half times the regular rate at which he was in employed in violation

of the FLSA.

43.     Defendants knew or reasonably should have known that Plaintiff was not

exempt from the overtime provisions of the FLSA.

44.     Defendants failed to maintain accurate time and pay records for Plaintiff as

required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

45.     Defendants knew or showed a reckless disregard for whether its pay practices violated the FLSA.

46.     Defendants are liable to Plaintiff for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

47.     All laborers employed by Defendants are similarly situated to Plaintiff because they (1) have similar job duties; (2) regularly worked in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Defendants pursuant to 29 U.S.C. § 216(b).

## V.  Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

48.     Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

49.     During Plaintiff's employment with Defendants, he was a nonexempt employee.

50.     As a nonexempt employee, Defendants were legally obligated to pay Plaintiff "at a rate not less than one and one-half times the regular rate at which [they were] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

51.     Defendants did not pay Plaintiff overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

52.     Instead, Defendants collectively paid Plaintiff at his straight time rate, without an overtime premium, regardless of the number of hours he worked.

53.     In other words, Defendants paid Plaintiff for the overtime that he worked at a rate less than one and one-half times the regular rate at which he was in employed in violation of the FLSA.

54.     If Defendants classified Plaintiff as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

55.     Defendants knew or showed a reckless disregard for whether their pay practices violated the overtime requirements of the FLSA; in other words, Defendants willfully violated the overtime requirements of the FLSA.

## VI.  Count Two—
### Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

56.     Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

57.     The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees.  29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

58.     In addition to the pay violations of the FLSA described above, Defendants also failed to keep proper time and pay records as required by the FLSA.

## VII.  Count Three—
### Collective Action Allegations

59.     Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

60.     On information and belief, other employees have been victimized by Defendants' violations of the FLSA identified above.

61.     These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

62.     Defendants' policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

63.     Since, on information and belief, Plaintiff's experience is typical of the experiences of the putative class members, collective action treatment is appropriate.

64.     All laborers employed by Defendants, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The class is therefore properly defined as:

All laborers employed by Defendants during the last three years.

65.     Defendants are liable to Plaintiff and the members of the putative class for the difference between what they actually paid them and what they were legally obligated to pay them.

66.     Because Defendants knew and/or showed a reckless disregard for whether their pay practices violated the FLSA, the company owes Plaintiff and the members of the putative class their unpaid overtime wages for at least the last three years.

67.     Defendants are liable to Plaintiff and the members of the putative class in an amount equal to their unpaid overtime wages as liquidated damages.

68.     Defendants are liable to Plaintiff and the members of the putative classes for their reasonable attorneys' fees and costs.

69.     Plaintiff has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on his behalf as well as all other putative class members.

## VIII.  Prayer

70.     Plaintiff prays for the following relief:

   a.  an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b.  judgment awarding Plaintiff and the members of the putative class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c.  prejudgment interest at the applicable rate;

   d.  post judgment interest at the applicable rate;

   e.  incentive awards for any class representative(s); and

- 13 -

    f.  all such other and further relief to which Plaintiff and the other laborers may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: _Melissa Moore_

Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Renu Tandale
State Bar No. 24107417
Federal Id. No. 3487389
MOORE & ASSOCIATES
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739